# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN GILMORE**, | : | **CIVIL NO. 1:16-CV-1619** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRENDA TRITT**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 9th day of November, 2018, upon consideration of the

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), wherein

petitioner, Kevin Gilmore, alleged that the Pennsylvania Board of Probation and

Parole violated his due process rights when the Board denied parole, and sought

immediate release on parole (see Doc. 2), and this court, in an effort to ascertain the

custodial status of petitioner, accessed the Vinelink online inmate locator, which

revealed that petitioner has been released from custody[1], and has served the

maximum term of his sentence as of September 9, 2018 (see Doc. 8-1 at 11), which

renders the petition moot, see Spencer v. Kemna, 523 U.S. 1 (1998) (dismissing the

habeas petition as moot where petitioner challenged the failure to be released on

parole and was subsequently released on parole); DeFoy v. McCullough, 393 F.3d

---

[1] Upon entering petitioner's offender identification number, LS9657, into the
Vinelink online inmate locator system, https://www.vinelink.com/#/search, his
status was returned as follows:

| | |
|---|---|
| Offender Name: | Gilmore, Kevin |
| Custody Status: | Out of Custody |
| Location: | Paroled |

439, 441 (3d Cir. 2005) (citing <u>Lane v. Williams</u>, 455 U.S. 624, 631 (1982)) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."); <u>Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman</u>, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and, further, because petitioner has not asserted any collateral consequences that are the result of the prior denial of parole, <u>see</u> <u>Spencer</u>, 523 U.S. at 14-18 (petitioner's purported injuries in fact—that parole revocation could be used against him in future parole proceedings, to increase his sentence in future sentencing proceedings, to impeach him should he appear as a witness or litigant in a future judicial proceeding, or as a defendant in a future criminal proceeding—were insufficient to establish a collateral consequence), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

2. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania